No. 4193

Second Circuit

(Second Division)

NOBLES ET AL. v. MEYER GREENWALD CONSTRUCTION CO. ET AL.

(November 18, 1931. Opinion and Decree.) (December 9, 1931. Rehearing Refused.)

E. S. Prudhomme, of Natchitoches, attorney for plaintiffs, appellees.

Theus, Grisham, Davis & Leigh, of Monroe, attorneys for defendants, appellants.

STEPHENS, J.   The plaintiffs, Lillian Nobles and John Nobles, her husband, sue for compensation at the rate of $3 per week for 300 weeks for the accidental death of their minor son, and for $300 for doctors, hospitals and funeral bills alleged to have been incurred as an incident thereof.

The defendant filed an exception of no cause or right of action, and a plea of prescription of one and three years to plaintiffs' suit.   The district judge overruled the exception of no cause or right of action and the plea of prescription.   After answer was filed by the defendant the case was tried on the merits, resulting in a judgment in favor of John Nobles for $3 per week for a period of 300 weeks, with interest from June 28, 1925, and rejecting the demands of Mrs. Lillian Nobles, and all claims for doctors', hospitals' and funeral bills.   The defendant appealed. The plaintiffs have not appealed nor answered the appeal.   Therefore, the judgment rejecting the demand of Mrs. Nobles for compensation and the claims on behalf of both plaintiffs for doctors', hospitals' and funeral bills is final and cannot be reviewed.

The facts which are pertinent to the sole question presented by the appeal, that is, the legality of the demand of plaintiff John Nobles for compensation, are undisputed, and are as follows:

A truck being driven by an employee of the defendant struck and injured the eight-year-old son of plaintiffs on June 28, 1925.   The injury sustained resulted in death in a few days thereafter.   The young man, at the time of the accident, was employed by the defendant and was being paid $3 per week for his services. The plaintiffs were actually dependent to some extent upon their son for support. The defendant paid by check to the plaintiff Mrs. Nobles, the sum of $3 per week for a period of 300 weeks.   The plaintiffs were living together as man and wife, and

had never obtained a judgment of separation of property.

The plaintiffs allege in their petition that their son was earning $3 per week at the time of the accident, but on the trial of the case an attempt was made to show that at said time he was actually earning $1 per day. The testimony tendered for the purpose was objected to by the defendant. The trial judge permitted the evidence to be adduced, but stated at the time that plaintiffs were bound by their pleadings. The ruling was correct, and the trial judge did not consider the evidence so admitted in rendering his judgment.

Section 8, subsection 2 of Act No. 216 of 1924, p. 400, provides:

"That for injury causing death within one year after the accident weekly compensation shall be paid under this Act, for a period of three hundred weeks to the following persons:

\*   \*   \*   \*   \*   \*   \*

"(g) If there be neither widow, widower nor child, then to the Father or Mother of the deceased employee, if actually dependent on the deceased employee to any extent for support at the time of the injury and death, thirty-two and one half per centum of wages; if in such event both Father and Mother of the deceased survive and are actually dependent on the deceased employee to any extent for support at the time of the injury and death, sixty-five per centum of wages for their joint benefit \*   \*   \*"

Section 8, subsection 3, of the same act provides, in part:

"The maximum compensation to be paid under this Act shall be Twenty Dollars per week and the minimum compensation to be paid under this Act shall be Three Dollars per week; provided, that if at the time of the injury the employee was receiving wages at the rate of Three Dollars or less per week, then the compensation shall be full wages."

Clearly, these provisions of the law, considered in connection with the facts in this case, show that the defendant has discharged its obligation. The plaintiff John Nobles contends that payment to his wife was not payment to him. This position, we think, is untenable. The statute provides that the payments inure to the joint benefit of both husband and wife. That being true, the payments may be received by either husband or wife, while they are living together and are not separate in property, for their joint benefit, and when so received become community property. C. C. art. 2402. The husband alone has the power and authority to alienate community property, but either of the spouses may receive such property for the benefit of the community. No effort whatever was made to show that the payments made to the wife in this case did not inure to the joint benefit of both husband and wife. Even if it be conceded that the wife was legally incapable of receiving the money for the community, it is inconceivable that she did not receive it in this case with the full knowledge, acquiescence, and authority of her husband. The plaintiffs were living together as man and wife. They were in necessitous circumstances; and the payments were made bi-weekly during a period of more than five years. We are of the opinion that the payments, as made, discharged the defendant from further obligation to pay compensation.

But, if we are in error in so holding, the plea of prescription of one year, if considered, should be sustained. The death of the son occurred on June 28, 1925, and this suit was instituted on May 5, 1931,

almost six years after the cause of action arose. Section 31 of Act No. 20 of 1914 reads as follows:

"That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the injury or death the parties shall have agreed upon the payments to be made under this act, or unless within one year after the injury proceedings have been begun as provided in Sections 17 and 18 of this act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time making the last payment."

The plaintiff John Nobles contends that as the last payment was made by the defendant within a year from the date of the institution of this suit, his claim, by the terms of the section quoted, was not prescribed. If payments to Mrs. Nobles did not serve to discharge the obligation of the defendant to her husband, certainly the payments to Mrs. Nobles could not serve the purpose of suspending the running of prescription against his claim.

However, we prefer to rest the decision of the case on the proposition that the defendant has fully discharged its obligation to pay compensation to both plaintiffs.

It is therefore ordered, adjudged, and decreed that that portion of the judgment in favor of the plaintiff John Nobles and against the defendant be annulled, avoided and reversed, and that there now be judgment in favor of the defendant rejecting the plaintiff John Nobles' demand; and that the judgment as rendered be otherwise affirmed.